UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER,

        Petitioner,

v.

RAPHAEL WASHINGTON,

        Respondent.

Case No. 2:25-cv-11326

Honorable Susan K. DeClercq
United States District Judge

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE
PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING
TWO MOTIONS (ECF Nos. 2; 7) AS MOOT, DENYING A CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA
PAUPERIS* ON APPEAL**

Petitioner Ronald Cooper filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254. ECF No. 1. At the time he filed the petition, Cooper was a pretrial

detainee incarcerated at the Wayne County Jail. For the reasons explained below,

the Court will dismiss Cooper's petition without prejudice, deny as moot his two

pending motions, deny a certificate of appealability, and deny leave to proceed *in

forma pauperis* on appeal.

### I. BACKGROUND

Cooper's petition is difficult to follow. *See generally* ECF No. 1. Construing

the pleading liberally, Cooper appears to challenge probation-violation proceedings in Wayne County Circuit Court, Case No. 23-005801-FH (the "2023 Criminal Case"). In that case, Cooper was convicted of first-degree retail fraud and sentenced to a two-year term of probation. *See* Register of Actions, Wayne Cnty. Cir. Ct. No. 23-005801-01-FH, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4046582 (last visited March 24, 2025).

In 2025, Cooper was charged with being a felon in possession of a firearm, carrying a concealed weapon, and second-offense felony firearm (the "2025 Criminal Case"). *See* Register of Actions, Wayne Cnty. Cir. Ct. Case No. 25-001505-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4141913 (last visited March 24, 2026). The filing of the 2025 Criminal Case also resulted in Cooper being charged with violating the terms of probation imposed in the 2023 Criminal Case.

Publicly available state-court records show that the probation violation proceeding in the 2023 Criminal Case was closed on August 6, 2025, and that Cooper was not resentenced in that case. On the same date, Cooper pleaded guilty in the 2025 Criminal Case to the second-offense felony-firearm charge and was sentenced to five years' imprisonment. The remaining charges were dismissed.

Notably, Cooper previously filed a habeas petition concerning the 2025 Criminal Case. *See Cooper v. Washington*, Case No. 2:25-cv-11094 (E.D. Mich.).

- 2 -

Because that petition was filed while Cooper was awaiting trial, the Court dismissed it without prejudice on April 25, 2025, under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *See id.*, ECF No. 6.

In the present petition, Cooper appears to challenge his pretrial detention arising from the probation-violation proceedings. *See generally* ECF No. 1. He asserts that police conducted an unlawful warrantless search of a residence that resulted in the discovery of ammunition and a firearm and that the probation violation proceedings were based, at least in part, on the fruits of that search. *Id.*

## II. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

### III. DISCUSSION

As explained above, Cooper's petition appears to challenge his pretrial detention. Thus, at the time Cooper filed his petition, the claims were not properly filed under 28 U.S.C. § 2254, because Petitioner had not yet been convicted of a probation violation. Instead, the proper vehicle for Cooper's claims would have been the general federal habeas statute, 28 U.S.C. § 2241(c)(3). *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the *judgment* of a State court ...' 28 U.S.C. § 2254(b)(1) (emphasis added), a pretrial detainee ordinarily pursues habeas relief under § 2241").

Ordinarily, under these circumstances, this Court would construe Cooper's petition as a § 2241 petition. However, this Court will decline to do so here because subsequent developments render Cooper's claims moot. Recall, Cooper seeks relief from his pretrial detention arising from the probation violation proceedings. But the state-court docket reflects that such proceedings have since been closed without resentencing and that Cooper has pleaded guilty and been sentenced in the 2025 Criminal Case. Thus, because Cooper is no longer a pretrial detainee, his challenge to that detention is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Stampone v. Lajoye-Young*, No. 22-1464, 2022 WL 3651312, at *1 (6th Cir. Aug. 1, 2022).

Cooper's petition also may not proceed under § 2254 with respect to the 2023

Criminal Case. Although Petitioner was originally sentenced to probation in that case, the probation-violation proceedings were closed without resentencing. The petition does not challenge the underlying conviction, and the probation proceedings produced no new judgment for this Court to review under § 2254.

Finally, even if Cooper's petition were construed as challenging his conviction in the 2025 Criminal Case, dismissal is still warranted. A state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy this requirement, a petitioner must present each claim through one complete round of the state's established appellate review process, including discretionary review in the state supreme court where available. *O'Sullivan*, 526 U.S. at 845, 847. And Cooper has not done so here. Indeed, the state court docket reflects that Cooper has not appealed to the Michigan appellate courts. Accordingly, even if this Court were to construe Cooper's petition as a challenge to his 2025 Criminal Case conviction, the exhaustion requirement has not been satisfied.

At bottom, no matter how this Court construes Cooper's petition, it must be dismissed. Therefore, it will be dismissed without prejudice and Cooper's two pending motions—a motion "to quash the law enforcement allegations," ECF No. 2 at PageID.25, and a motion for an extension of time to pay the filing fees, ECF No.

- 5 -

7—will be denied as moot.

Finally, Federal Rule of Appellate Procedure 22 provides that an appeal in a habeas corpus proceeding may not occur unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not debate the conclusion that Cooper's petition should be dismissed without prejudice. Therefore, a COA will be denied. Moreover, this Court concludes that an appeal from this decision would not be taken in good faith, so leave to proceed *in forma pauperis* on appeal will also be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Cooper's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Cooper's Motion to Quash the Law Enforcement Allegations, ECF No. 2, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Cooper's Motion for Extension of Time to Pay

Filing Fees, ECF No. 7, is **DENIED AS MOOT**.

Further, it is **ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 25, 2026